### Dr. Whitman Wilcox *v.* Wm. W. Leake.

It is for the jury, and not the witness, to determine from all the circumstances disclosed whether the plaintiff occasioned any damage to defendant by his negligence, or want of skill, and if so, to assess the amount of such damage. Hence, the testimony of the witness as to his opinion of the amount of damage suffered is not admissable.

APPEAL from the District Court, Seventh District, Parish of East Feliciana, *Ratliff*, J. *Powell*, for plaintiff. *Brewer & Collins*, for defendant and appellant.

Voorhies, J. The plaintiff brought this suit for the recovery of the sum of $119, for medical and surgical services alleged to have been rendered by him to the defendant.

In his answer the defendant admits that he employed the plaintiff as a physician and surgeon, but avers that the plaintiff inflicted upon him serious and unnecessary injuries by his neglect and want of skill in performing the services for which he was called, whereby he has sustained $2,500 damages, which he claims in reconvention.

The cause was submitted to a jury, who gave a verdict in favor of the plaintiff, awarding him the sum of $72, and rejecting the defendant's demand in reconvention. The latter is appellant from a judgment thereon rendered.

The testimony of *Dr. Whicher* shows the nature of the wound which was received by the defendant, and the circumstances under which the plaintiff's services were required; it is in substance as follows:

He says that the defendant, of who n he was then the attending physician, received in the spring of 1854 a wound in his face; it was a punctured wound, made by a dagger, the point of which entered the corner of his mouth and came out at the angle of his jaw, severing the facial artery and causing thereby great hemorrhage. It was a dangerous wound. Two or three days after it occurred, *Dr. Wilcox* was sent for, at the request of defendant's family. In the interval, the hemorrhage, though checked several times, broke out afresh. *Drs. Dashiel, Graham* and *Ewing* had called to see the defendant before *Dr. Wilcox* was sent for. There was a difference of opinion between the physicians called in as to the manner in which the hemorrhage should be stopped. *Dr.*

*Wilcox* also resorted to the compress, which checked it for a time, as it had done before. On the second or third visit he determined to attempt to tie the artery.

It is that operation which has given rise to the defendant's complaint. We have carefully examined the evidence in relation to it, and we are not prepared to say that the verdict of the jury is so manifestly erroneous as to authorize us to disturb it.

Our attention has been called to a bill of exceptions to the opinion of the Judge *a quo* in ruling out the following testimony, given by *S. H. Lurty* on the trial of the case:

"From the knowledge which he, witness, has of the manner in which the operation was performed, from the amount of pain which the patient must have suffered in consequence of the bungling manner in which the operation was performed, from the loss of time consequent therefrom, and in consequence of the disfiguration of the face of *Mr. Leake* from the scar caused by the incision made by *Dr. Wilcox*, and from the fact that *Mr. Leake* is a young man, not more than twenty-three years of age, and being a single man, all these circumstances taken into consideration, the witness thinks that *Mr. Leake*, the defendant, has been damaged at least $1000."

We do not think the Judge erred. It was for the jury, and not the witness, to determine, from all the circumstanc·s disclosed by the evidence, whether the plaintiff had occasioned any damage to the defendant by his negligence or want of skill; and if so, to assess the amount of such damage. It is the peculiar province of a jury to make the assessment of damages in such cases, in which much discretion is vested in them, under the rule prescribed in the third paragraph of Article 1928 of the Civil Code. Were it otherwise, the witnesses, and not the jury, would be the judges to determine the matter.

The same reason is applicable, in our opinion, to the other bill of exceptions in relation to the testimony of the Judge *a quo*, which was to the same effect.

It is, therefore, ordered and decreed, that the judgment of the court below be affirmed, with costs.